Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAHROOZ SABZEHROO, | ) | CASE NO.:  2:22-cv-835 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and DOES 1 through 10 inclusive, | ) ) ) ) ) | COMPLAINT FOR DAMAGES |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendants TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of 15 U.S.C. §1681 et seq. or the Fair Credit Reporting Act ("FCRA") and California Civil Code § 1785.1 et seq. or California's Consumer Credit Reporting Agency Act ("CCRAA") both of which require maximum accuracy regarding consumer credit

reporting. Plaintiff also alleges violations of California Business and Professions Code §17200 et seq.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California, is a "consumer" as defined by Cal. Bus. & Prof. Code §17201.

3. Upon information and belief, Defendant Trans Union, LLC ("Defendant Trans Union") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

4. Upon information and belief, Defendant Equifax Information Services, LLC ("Defendant Equifax") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

5. Upon information and belief, Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), authorized to do business in the state of California, and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

## JURISDICTION

6. This Court has jurisdiction pursuant to 15 U.S.C. §1681p. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as well as 28 U.S.C. §1367.

# FACTUAL BACKGROUND

7. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

8. That in 2020, millions of individuals, including the Plaintiff, suffered a significant loss of income and endured financial hardships as a result of the COVID-19 global pandemic.

9. That in response, the federal government enacted the CARES Act ("the Coronavirus Aid, Relief, and Economic Security Act") to provide payment assistance and relief to those who were adversely affected by the pandemic.

10. That in light of the CARES Act, several banks and financial institutions throughout the country created various assistance programs to help those who were suffering financially, such as programs with waived interest charges, credit limit increases and deferred payment plans without penalties.

11. That the CARES Act amended various statutes, including the FCRA, in order to monitor the financial institutions who were offering said "accommodations" to its consumers and regulate the credit bureaus to ensure proper credit reporting on those who were availing themselves of said "accommodations."

12. That in or about March 2020, Plaintiff received correspondence from Capital One Services, LLC (hereinafter referred to as "Capital One") about the various programs, i.e. "accommodations" it was providing to customers experiencing financial hardship brought on by the COVID-19 global pandemic.

13. That Plaintiff subsequently contacted Capital One to seek financial assistance with his accounts.

14. That in his communications with Capital One, Plaintiff was led to believe that he did not have to make any payments on his accounts while he was experiencing financial difficulties brought about by the COVID-19 global pandemic.

15. That Plaintiff received various correspondence from Capital One confirming that he did not have any minimum payments due on his accounts and that he would not be charged any late payment fees.

16. That in or about July 2020, however, Plaintiff discovered adverse credit information on his credit reports regarding his accounts.
17. That namely, Capital One was reporting at least four (4) missed payments on his credit reports.
18. That upon discovering the adverse information, Plaintiff immediately contacted the Defendants to dispute the reporting and to avoid further damage to his credit reports.
19. That Defendants failed to properly investigate Plaintiff's disputes and caused the inaccurate and negative information to remain on Plaintiff's credit report(s).
20. That Plaintiff made multiple attempts to dispute the inaccurate and negative information with the Defendants, yet despite his efforts, his credit reports remained unchanged.
21. That under the FCRA and the applicable CARES Act provisions, credit bureaus, including the Defendants, have a continued obligation to ensure that credit reports are accurate and that any disputes made by a consumer regarding the reporting of their accounts are thoroughly investigated.
22. That the duty of the credit bureaus to protect consumers was paramount, especially considering the financial turmoil and hardships brought on by the COVID pandemic.
23. That the negative and inaccurate reporting remained on Plaintiff's credit reports.
24. That as a result of Defendants' conduct, Plaintiff suffered damages.

**AS AND FOR A FIRST CAUSE OF ACTION**

25. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
26. That as of the date of the filing of this Complaint, the negative trade lines reported by Capital One remain on Plaintiff's credit reports.
27. That upon receipt of Plaintiff's disputes, and in accordance with its standard procedures, Defendants Trans Union, Equifax and Experian did not evaluate nor consider any of Plaintiff's information and claims and did not make any attempt to substantially or reasonably verify the representations made by Capital One.

28. That in the alternative to the allegation that Defendants Trans Union, Equifax and Experian failed to contact Capital One, Plaintiff alleges that Defendants Trans Union, Equifax and Experian did forward notice of the dispute to Capital One yet failed to conduct a lawful investigation.

29. That upon information and belief, Defendants failed to comply with the credit reporting requirements associated with the financial assistance and/or accommodations given to consumers experiencing financial hardships brought on by COVID-19 pandemic.

30. That Defendants Trans Union, Equifax and Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they maintain and publish with regard to the Plaintiff.

31. That as a result of this conduct, action and inaction of the Defendants, the Plaintiff suffered damage including but not limited to: loss of credit[1]; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. [2]

32. That the conduct, action and inaction by the Defendants was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the

---

[1] Reporting a debt to a credit reporting agency has an adverse consequence on the debtor, as it may damage the debtor's credit rating and the debtor's ability to obtain credit. See *Nelson v. Equifax Info. Servs., LLC*, 522 F.Supp.2d 1222, 1234–35 (C.D.Cal.2007).

[2] "Actual damages" as that term is used in the FCRA includes noneconomic damages. *Levine v World Financial Network Nat. Bank*, 437 F.3d 1118 (11th Cir. 2006); *Philbin v. TransUnion Corp.,* pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co*., 45 F.3d 1329, 1333 (9th Cir. 1995). 101 F.3d 957 (3d Cir. 1996); *Boris v. Choicepoint Services, Inc.,* 249 F. Supp.2d 851, 859 (W.D. Ky.2003) (citations omitted) ("It is well settled that actual damages under the FCRA are not limited to pecuniary out of pecuniary out of pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995).

Court pursuant to 15 U.S.C. § 1681n.[3] In the alternative, Defendants were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

33. That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

35. That Defendants Trans Union, Equifax and Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to forward all relevant information to Capital One; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source that it has reason to know is unreliable.

36. That as a result of this conduct, action and inaction of Defendants Trans Union, Equifax and Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

37. That the conduct, action and inaction by Defendants Trans Union, Equifax and Experian was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative,

---

[3] The U.S. Supreme Court has held that "The [Ninth Circuit] Court of Appeals correctly held that reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of §1681n(a)." *Safeco Ins. Co. v Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2216, 167 L.Ed.2d 1045 (2007). "Reckless disregard" means an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.*, 551 U.S. at 69, 127 S. Ct. at 2215, quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Defendants Trans Union, Equifax and Experian were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

38. That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A THIRD CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.14 (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff.

41. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.16 for the following acts, which include, but are not limited to: failing to consider all relevant information submitted by Plaintiff with respect to Plaintiff's dispute, failing to correct and/or delete inaccurate information on Plaintiff's credit reports.

42. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31. [4]

## AS AND FOR A FOURTH CAUSE OF ACTION

43. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

---

[4] California Civil Code §1785.31 provides a remedy for "negligent" and "willful" violations of the CCRAA. An individual who suffers damages as a result of the violation can recover actual damages, including attorney's fees and court costs, as well as punitive damages up to a maximum amount of $5,000 for willful violations.

44. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

45. That Defendants, by engaging the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

46. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

47. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

48. That the Defendants have been unjustly enriched by committing said acts.

49. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

50. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

51. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) Statutory damages and actual damages provided by statute, including, but not limited to: 15 U.S.C. §§ 1681n and 1681o and California Civil Code §1785.31, in an amount to be determined at the time of trial;

(b) Statutory, actual and punitive damages pursuant to California Civil Code §17200 in an amount to be determined at the time of trial;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n; California Civil Code §1785.31; common law; and/or the Court's inherent power;

(d) Equitable and injunctive relief;

(e) Restitution; and

(f) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and their agents, employees, affiliates and/or subsidiaries, from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: February 7, 2022                    Respectfully Submitted,

   /S/ Amir J. Goldstein, Esq._____
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd, Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194